IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES D. WILLIAMS                                                                                              PLAINTIFF

v.                                            Civil No. 4:18-cv-4059

SHERIFF JACKIE RUNION, Miller County,
Arkansas; WARDEN JEFFIE WALKER,
Miller County Detention Center ("MCDC");
CAPTAIN GOLDEN ADAMS, MCDC;
SERGEANT ALLEN GRIFFEN, MCDC;
LIEUTENANT MILLER, MCDC; and
SERGEANT GUTHERIE, MCDC                                     DEFENDANTS

**ORDER**

       This is a civil rights action filed by Plaintiff James D. Williams pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

       Plaintiff filed his initial Complaint on April 24, 2018. (ECF No. 1). That same day, the Court directed Plaintiff to file an Amended Complaint to clarify his claims against Defendants and submit an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2). On May 14, 2018, Plaintiff filed his Amended Complaint and IFP application. (ECF Nos. 4, 5). The Court granted Plaintiff's application to proceed IFP the following day. (ECF No. 7).

       Plaintiff is currently incarcerated in the Miller County Detention Center ("MCDC"), serving a sentence as a result of a parole violation. (ECF No. 4, p. 3). Plaintiff has named Sheriff Jackie Runion, Warden Jeffie Wallker, Captain Golden Adams, Sergeant Allen Griffen, Lieutenant Miller, and Sergeant Gutherie as Defendants. According to Plaintiff's Amended Complaint, Defendant Runion is

the Sheriff of Miller County; Defendant Walker is the Warden at the MCDC; and Defendants Adams, Miller, Griffen, and Gutherie are employed as officers at the MCDC. He claims that mold in the shower has caused him to have a constant cold and a runny nose. *Id.* at 4. Plaintiff alleges he has informed Defendants about the mold but they have denied that the conditions exist and have refused to correct the unsanitary conditions. *Id.* Plaintiff also claims that Defendants opened his legal mail outside of his presence. Plaintiff is suing Defendants in their individual and official capacities, and seeks compensatory and punitive damages.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Plaintiff alleges four distinct types of claims against Defendants: (1) official capacity claims; (2) conditions of confinement; (3) opening his confidential legal; and (4) inadequate grievance prodecure. The Court will separately address each type of claim to determine whether Plaintiff alleges sufficient facts to state a plausible claim upon which relief may be granted.

2

### A. Official Capacity Claims

Under section 1983, a defendant may be sued in either his individual capacity, in his official capacity, or both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). With respect to official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Miller County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Although Plaintiff asserts official capacity claims against Defendants, he has not alleged that any policy, custom, or practice of Miller County was the moving force behind his claims regarding the jail's conditions, grievances, or the opening of his legal mail. Accordingly, Plaintiff has failed to state a claim against Defendants in their official capacity. Thus, the Court finds that Plaintiff's official capacity claims should be dismissed.

### B. Conditions of Confinement

Plaintiff asserts that mold in the showers at the MCDC has caused him to have a constant cold and runny nose.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const.

amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same."). As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation, and the injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff alleges that he has been exposed to mold in the shower, causing him become ill. He alleges further that he informed Defendants of the mold, but that they deny the presence of the mold and refuse to take action regarding the same. Based on these allegations and for purposes of this screening order, the Court finds that Plaintiff has sufficiently stated a claim upon which relief may be granted. *See Johnson v. Cook*, No. 3:17-cv-0041-KGB/JTR, 2017 WL 9401123, at *2 (E.D. Ark. Oct. 12, 2017), *report and recommendation adopted*, No. 317-cv-0041-KGB/JTR, 2018 WL 2244717 (E.D. Ark. May 16, 2018). Accordingly, the Court finds that this claim shall remain.

**C. Legal Mail**

Plaintiff asserts that Defendants opened his legal mail outside of his presence.

"Inmates have a First Amendment right of free speech to send and receive mail." *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). This right "encompass the right to be free from certain interference with mail correspondence." *Davis v. Norris*, 249 F.3d 800, 801 (8th Cir. 2001). Legal mail is to be opened only in the presence of the receiving inmate. *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (citing *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981)).

Plaintiff alleges specifically that Defendants opened his "legal mail" outside of his presence. Based on these allegations and for purposes of this screening order, the Court finds that Plaintiff has

4

sufficiently stated a claim upon which relief may be granted. *See Powells v. Minnehaha Cnty. Sheriff Dep't*, 198 F.3d 711, 712 (8th Cir. 1999). Accordingly, the Court finds that this claim shall remain.

### D. Inadequate Grievance Procedure

Plaintiff alleges his constitutional rights were violated when Defendants ignored or refused to respond to his complaints about jail conditions.[1]

The law is clear that inmates do not have a constitutionally protected right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Therefore, a prison official's failure to respond to or process an inmate's grievances, without more, is not actionable under section 1983. *Id.* "Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id.* (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate . . . grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Although Plaintiff alleges that Defendants failed to respond to his complaints regarding his conditions of confinement, Plaintiff was able to obtain a section 1983 form and submit it successfully to this Court. The alleged inadequacies of the MCDC's grievance procedure did not deprive Plaintiff of access to the courts. "[A] prison official's failure to respond to an inmate's grievances or to return copies of those grievances to that inmate, without more, is not actionable under § 1983." *Evans*, 2007 WL 2343843, at *1. Thus, Plaintiff has failed to state a plausible claim regarding the inadequacies of the grievance procedure at the MCDC. Accordingly, Plaintiff's allegations relating to Defendants'

---

[1] Although Plaintiff does not set this claim out as a separately numbered claim, the Court must leniently construe Plaintiff's pleadings. *See Jackson*, 747 F.3d at 541. Thus, the Court will construe this allegation as an inadequate grievance procedure claim.

5

responses, or lack thereof, to his grievances fail to state a claim upon which relief may be granted. Therefore, the Court finds that this claim should be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), Plaintiff's official capacity claims and his individual capacity claim for failure to respond to grievances against Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's individual capacity claims against Defendants related to conditions of confinement and the opening of his legal mail will remain.

**IT IS SO ORDERED**, this 30th day of May, 2018.

>  /s/ Susan O. Hickey
> Susan O. Hickey
> United States District Judge