IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES D. WILLIAMS                                                                                          PLAINTIFF

v.                                             Civil No. 4:18-cv-04059

SHERIFF JACKIE RUNION, Miller County,
Arkansas; WARDEN JEFFIE WALKER,
Miller County Detention Center ("MCDC");
CAPTAIN GOLDEN ADAMS, MCDC;
SERGEANT ALLEN GRIFFEN, MCDC;
LIEUTENANT MILLER, MCDC; and
SERGEANT GUTHERIE, MCDC                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff James D. Williams pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is the failure to effectuate service on Defendant Sergeant Allen Griffen.  After careful consideration, the Court makes the following Report and Recommendation.

**I.     BACKGROUND**

Plaintiff filed his initial Complaint on April 24, 2018.  (ECF No. 1).   That same day, the Court directed Plaintiff to file an Amended Complaint to clarify his claims against Defendants and submit an application to proceed *in forma pauperis* ("IFP").  (ECF No. 2).  On May 14, 2018, Plaintiff filed his Amended Complaint. (ECF No. 4).  His application to proceed IFP was granted the following day. (ECF No. 7).

1

On May 31, 2018, this Court ordered service on Defendant Griffen at the Miller County Detention Center in accordance with the address provided by Plaintiff in his Amended Complaint. (ECF No. 10). On June 28, 2018, Defendants Adams, Gutherie, Miller, Runion and Walker filed their Answer. (ECF No. 13). That same day, counsel for these Defendants filed a Motion to Set Aside Service of Process on Defendant Griffen stating he was not employed with Miller County, the Miller County Sheriff's Office, or the Miller County Detention Center. (ECF No. 14). The motion also stated the staff at the Miller County Detention Center inadvertently accepted service on behalf of "Allen Griffen."

On July 3, 2018, the Court granted Defendants' motion to set aside service of process on Defendant Allen Griffen. (ECF No. 16). That same day the Court entered an order directing Plaintiff to provide more information to identify Defendant Griffen by July 17, 2018, in order to effectuate service. (ECF No. 17). The order informed Plaintiff that failure to comply with the order would subject this case to dismissal for failure to follow a court order. To date, Plaintiff has not provided any information regarding Defendant Griffen and the order directing him to do so has not been returned as undeliverable.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 4 requires the Court to order service by the United States Marshal Service when a plaintiff proceeds *in forma pauperis* ("IFP") in compliance with 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). "The officers of the court shall issue and serve all process and perform all duties in such cases". 28 U.S.C. § 1915(d). Further, Rule 4 requires a defendant be served within 90 days after the complaint is filed or the Court must dismiss the complaint or order service be made within a specified time. However, if the plaintiff can show good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

Dismissal is not required where service is ineffective, instead, the court has the discretion to either dismiss the action or quash service but retain the case for further attempts at service. *See Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir. 1998). Additionally, while plaintiffs proceeding IFP are entitled to rely on the United States Marshal Service to serve summons, an IFP Plaintiff is ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff filed his Amended Complaint in this case on May 14, 2018. (ECF No. 4.) The Court unsuccessfully attempted service on Defendant Griffen and then ordered Plaintiff to provide additional information for service. More than a year has passed, and Plaintiff failed to provide the Court with any information for service. In addition, the remaining Defendants filed a Motion for Summary Judgment on July 11, 2019, which is currently pending before the Court. (ECF No. 27). Accordingly, I recommend Defendant Sergeant Allen Griffen be terminated as a Defendant in this lawsuit.

### IV. CONCLUSION

For the foregoing reasons, I recommend Defendant Sergeant Allen Griffen be terminated as a Defendant in this lawsuit.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 11th day of October 2019.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE